# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| TARSHA STAPLES,<br><br>    Plaintiff,<br><br>v.<br><br>FINANCIAL RECOVERY SERVICES, INC.,<br><br>    Defendant. | Case No. 4:20-cv-00845 |

## COMPLAINT

**NOW COMES** Plaintiff, TARSHA STAPLES, by and through her undersigned counsel, complaining of Defendant, FINANCIAL RECOVERY SERVICES, INC., as follows:

## NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4. TARSHA STAPLES ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant was domiciled in this Lewisville, Texas.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. FINANCIAL RECOVERY SERVICES, INC. ("Defendant" or "Financial Recovery Services, Inc.") maintains its principal place of business at 4510 West 77th Street, Suite 200, Minneapolis, Minnesota 55435.

7. Financial Recovery Services, Inc. specializes in debt collection and collects debts on behalf of others nationwide.

8. Financial Recovery Services, Inc. is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Financial Recovery Services, Inc.'s business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects consumer debt owed to others.

## FACTUAL ALLEGATIONS

9. Plaintiff applied for and was issued a credit card by Credit One Bank, N.A. ("Credit One").

10. Over time, Plaintiff made various charges on the Credit One credit card for personal, household, or family purposes.

11. On April 20, 2018, Plaintiff purportedly defaulted on the Credit One credit card account ("subject debt").

12. On October 22, 2018, Credit One charged-off the subject debt.

13. At some point thereafter, LVNV Funding, LLC ("LVNV") purchased the subject debt from Credit One.

14. Soon thereafter, LVNV placed the subject debt with Financial Recovery Services, Inc. for collection.

15. On February 17, 2020, Financial Recovery Services, Inc. sent a letter to Plaintiff in an attempt to collect the subject debt.

16. Financial Recovery Services, Inc.'s letter included a payment coupon, which stated, in pertinent part "Balance due as of February 17, 2020: $855.42."

17. The use of the language "Balance due as of" implies that interest may be charged going forward.

18. If interest was accruing, the letter failed to state that the balance may increase due to interest.

19. Financial Recovery Services, Inc.'s letter failed to state that interest could be assessed to the subject debt after it was charged-off.

20. Upon information and belief, once the debt was charged off on October 22, 2018, Credit One waived all interest on the account.

21. By including the language "Balance due as of" Financial Recovery Services, Inc. failed to disclose if interest or other fees were accruing on the subject debt.

22. As a result of the language contained in Financial Recovery Services, Inc.'s letter, Plaintiff was led to believe that interest would begin accruing if she did not promptly pay the subject debt.

23. Financial Recovery Services, Inc. deliberately designed the language contained in the letter to create a false sense of urgency and coerce Plaintiff into making a prompt payment on the subject debt to avoid the assessment of the illusory interest.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

24. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

25. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5) because it was incurred for personal, family, and household purposes.

26. Financial Recovery Services, Inc.'s letter is a "communication" as defined by 15 U.S.C. § 1692a(2) because it conveyed information regarding the subject debt to Plaintiff directly.

**a.  Violations of 15 U.S.C. § 1692e**

27. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

28. Section 1692e(2)(a) of the FDCPA prohibits a debt collector from making false representations regarding the character, amount, or legal status of the debt. 15 U.S.C. § 1692e(2).

29. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot be legally taken or that is not intended to be taken.15 U.S.C. § 1692e(5).

30. Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collet any debt. 15 U.S.C. § 1692e(10).

31. Financial Recovery Services, Inc.'s letter violated 15 U.S.C. §§ 1692e, e(2)(a), e(5), and e(10) by falsely implying that Plaintiff can be charged interest after the subject debt was charged-off, when in reality interest could not be legally or contractually assessed.

32. Financial Recovery Services, Inc.'s letter violated 15 U.S.C. §§ 1692e, e(2), e(5), and e(10) by implicitly threatening to assess interest after the subject debt was charged-off, when in reality Financial Recovery Services, Inc. and/or LVNV never intended to assess interest.

**b.  Violations of 15 U.S.C. §1692f**

33. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

34. Financial Recovery Services, Inc. violated 15 U.S.C. §1692f by using unfair or unconscionable means in its attempts to collect the subject debt.

35. Specifically, it was inherently unfair and unconscionable for Financial Recovery Services, Inc.'s to use language in its letter that is designed to create a false sense of urgency where no urgency exists as Financial Recovery Services, Inc.'s and/or LVNV (1) could not legally or contractually assess interest after the debt was charged-off and/or (2) did not intend to assess interest.

36. As set forth above, Plaintiff was harmed by Financial Recovery Services, Inc.'s deceptive conduct.

Intentionally left blank

**WHEREFORE**, Plaintiff, TARSHA STAPLES, requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §§ 1692e, e(2)(a), e(5), e(10), and f;

B. an order enjoining Defendant from further violations of 15 U.S.C. §§ 1692e, e(2)(a), e(5), e(10), and f;

C. an award of any actual damages sustained by Plaintiff;

D. an award of such additional damages to Plaintiff, as the Court may allow, but not exceeding $1,000;

E. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

F. an award of such other relief as this Court deems just and proper.

**Plaintiff demands a trial by jury.**

Dated: October 27, 2020                                              Respectfully Submitted,

                                      **TARSHA STAPLES**

/s/ *Victor T. Metroff*

Victor T. Metroff
Mohammed O. Badwan
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
Lombard, IL 60148
Phone (630) 575-8180
Fax: (630) 575- 8188
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com